IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| AT&T CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 05-0066-CG-C |
| | ) |
| AUSTAL, USA, L.L.C., | ) |
| ROBERT J. BAGGETT, INC., | ) |
| ERNEST CONSTRUCTION, L.L.C., and | ) |
| THOMPSON ENGINEERING, INC., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the court on defendants' motion to dismiss (Doc. 6), plaintiff's response thereto (Doc. 14), defendants' reply (Doc. 19), defendants' renewed motion to dismiss (Doc. 28), plaintiff's response to the renewed motion (Doc. 30), and defendants' reply (Doc. 31). The court finds there is no basis for federal jurisdiction and that no justiciable controversy exists between the parties. Therefore, defendants' motion to dismiss is due to be granted.

## BACKGROUND

Plaintiff filed this suit on February 3, 2005 seeking a declaration of its rights and obligations regarding certain telecommunication facilities and conduit it owns that are located, in part, beneath the Mobile River in Mobile County. (Doc. 27 - Amended Complaint, ¶¶ 13, 14). Plaintiff owns certain licenses, permits, and easements with regard to the construction of the conduit and/or the location and operation of the telecommunications facilities. (Id. at ¶ 15).

1

Defendant, Austal, USA, L.L.C., owns certain property on the East bank of the Mobile River which is subject to an easement through which plaintiff's telecommunications facilities and conduit run. (Id. at ¶ 17). Austal allegedly hired defendants, Robert J. Baggett, Inc. or Thompson Engineering, to build and/or design a bulkhead and other improvements on its property in the area where plaintiff's conduit exists. (Id. at ¶¶ 18, 19). According to the complaint, defendants repeatedly insisted they had a legal right to require plaintiff to mark the location of its conduit and telecommunications facilities and that they could build within 18 inches of the marked conduit. (Id. at ¶23). Plaintiff reports that it repeatedly identified the approximate location using the best technological methods available, but that plaintiff could not mark the location with any more precision. (Id. ¶ 24, 26). Plaintiff's amended complaint states that defendants have, since the filing of the original complaint, "changed the bulkhead construction plans and completed the construction of the altered bulkhead in a manner that successfully avoided damaging AT&T's telecommunications facilities and conduit." (Id. at ¶ 27). Plaintiff seeks a declaratory judgment (1) declaring the scope of its easements, permits, and licenses; (2) adjudging the applicability of Alabama's One Call statutes and whether plaintiff has complied with the One Call statutes through its efforts to locate and mark the conduit; and (3) determining that defendants were responsible for taking precautions to avoid damaging or interfering with plaintiff's telecommunications facilities, its conduit, and its rights under various permits, licenses, and easements and that any damages or expenses incurred by defendants cannot be recovered from plaintiff.

Defendants move to dismiss plaintiff's amended complaint contending that there is no basis for federal jurisdiction and that no justiciable controversy exists between the parties.

**LEGAL ANALYSIS**

**I. Dismissal Standard**

A motion to dismiss should not be granted "unless the plaintiff can prove no set of facts which would entitle him to relief." Martinez v. American Airlines, Inc., 74 F.3d 247, 248 (11th Cir.1996) (quoting Peterson v. Atlanta Housing Authority, 998 F.2d 904, 912 (11th Cir.1993)). In making this determination, the court must accept all well pled factual allegations as true. U.S. v. Gaubert, 499 U.S. 315 (1991). However, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." Oxford Asset Management, Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002) (quoting South Fla. Water Management Dist. v. Montalvo, 84 F.3d 402, 408 n. 10 (11th Cir. 1996) and Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir.1993)); see also Associated Builders, Inc. v. Alabama Power Co., 505 F.2d 97, 100 (5th Cir. 1974) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true." citation omitted); Finklea v. U.S., 2001 WL 103005, *2 (S.D. Ala. Jan 30, 2001) ("conclusory allegations and unwarranted factual deductions are not accepted as true." citing Assoc. Builders, Inc.). The issue is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Little v. City of North Miami, 805 F.2d 962, 965 (11th Cir.1986).

**II. Jurisdiction**

The amended complaint asserts three bases for federal subject matter jurisdiction: (1) 18 U.S.C. § 1332 - diversity jurisdiction, (2) 28 U.S.C. § 1331 - federal question jurisdiction, and (3) admiralty or maritime jurisdiction. Defendants contend this case does not satisfy the requisites for any of the alleged jurisdictional bases.

**A. Diversity Jurisdiction**

"Federal courts are courts of limited jurisdiction." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Section 1332(a)(1) provides this court with original jurisdiction over "all actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different States..." 28 U.S.C. § 1332(a)(1). In this case, there is no dispute that complete diversity exists between the parties. Instead, defendants contend that the requisite amount in controversy has not been met.

When a specified amount of damages is sought "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938). "However, where jurisdiction is based on a claim for indeterminate damages, the Red Cab Co. 'legal certainty' test gives way, and the party seeking to invoke federal jurisdiction bears the burden of proving by a preponderance of the evidence that the claim on which it is basing jurisdiction meets the jurisdictional minimum." Federated Mutual Ins. Co. v. McKinnon Motors, LLC., 329 F.3d 805, 807 (11th Cir. 2003).

In the instant case, plaintiff does not seek monetary relief, but declaratory relief. "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." Id. "In other words, the value of the requested injunctive relief is the monetary value of the benefit that would flow to the plaintiff if the injunction were granted." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1268 (11th Cir. 2000) (citations omitted).

> In light of the federalism and separation of powers concerns implicated by diversity jurisdiction, federal courts are obligated to strictly construe the statutory grant of diversity jurisdiction, or as the Supreme Court has put it, to "scrupulously confine their own jurisdiction to the precise limits which the statute has defined."

> Snyder, 394 U.S. at 340, 89 S.Ct. at 1059 (quoting Healy v. Ratta, 292 U.S. 263, 270, 54 S.Ct. 700, 703, 78 L.Ed. 1248 (1934)). We think this obligation requires a court to insure that the benefits resulting from an injunction are not counted where they are so uncertain *1269 that the court cannot reasonably determine whether the amount of money placed in controversy by the present suit exceeds $75,000. Accordingly, a plaintiff who bases diversity jurisdiction on the value of injunctive relief must show that the benefit to be obtained from the injunction is "sufficiently measurable and certain to satisfy the ... amount in controversy requirement...." Ericsson, 120 F.3d at 221.

Id. at 1268 -1269. In the instant case, defendants completed the construction of the altered bulkhead in a manner that successfully avoided damaging AT&T's telecommunications facilities and conduit. The declaratory relief sought by plaintiff essentially seeks to determine plaintiff's liability or duties if defendants make demands upon plaintiff in the future or begin another construction project that could result in damage to plaintiff's conduit or telecommunication facilities. Austal could demand that plaintiff further locate the conduit for a future project. Austal has also reportedly threatened to demand payment from plaintiff for expenses it incurred in attempting to locate the conduit in question and redesigning the project so as to avoid the risk of damage to plaintiff's conduit and telecommunications facilities. However, defendants have not made any such demands and have not indicated the amount of expenses they believe to be attributable to plaintiff's failings. Plaintiff contends that if defendants demand compensation for expenses, they would claim more than $75,000 and could additionally seek punitive damages. However, the court is inclined to agree with defendants that plaintiff's conclusion that the claimed expenses exceed the jurisdictional requisite is speculative. Even more speculative is the value of the declarations sought. The court finds that the value of a declaration determining plaintiff's potential liability if defendants demand that plaintiff compensate defendants for the expenses or further locate the conduit is clearly speculative. The value of avoiding the risk of having to litigate the issue later is not sufficiently measurable and certain to satisfy the amount in

controversy requirement.  Because plaintiff cannot reduce the speculative benefit resulting from the declaration to a monetary standard,  there is no pecuniary amount in controversy.  See Texas Acorn v. Texas Area 5 Health Systems Agency, Inc., 559 F.2d 1019, 1023 (5th Cir. 1977).

**B. Federal Question Jurisdiction**

Defendants assert that plaintiff has not established federal question jurisdiction.  As previously stated, "[f]ederal courts are courts of limited jurisdiction." Burns, 31 F.3d at 1095.

> Under the federal question jurisdiction statute, 28 U.S.C. § 1331, a district court has subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Whether a claim arises under federal law for purposes of 28 U.S.C. § 1331 is generally determined by the well-pleaded complaint rule, "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.C. 2425, 2429, 96 LEd.2d 318 (1987).  A well-pleaded complaint presents a federal question where it "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. v. Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1, 27-28, 103 S.C. 2841, 2856, 77 LEd.2d 420 (1983).

Smith v. GTE Corp., 236 F.3d 1292, 1310 (11th Cir. 2001).   Plaintiff asserts that this court has federal question jurisdiction because AT&T's right to quiet enjoyment of its facilities and permits, licenses, and permissions involves "AT&T's federally granted permission, as conveyed by the U.S. Army Corps of Engineers." (Doc. 30, p. 6).  Additionally, plaintiff asserts that Austal "relies on its own Corps of Engineers' permit for its bulkhead construction." Id.   However, plaintiff's claims do not arise under a federally granted permission or permit.  The court finds that the claims do not arise under any federal statute, nor is plaintiff's right to relief necessarily dependent on the resolution of a substantial question of federal law.

Similarly, in Merrell Dow Pharmaceuticals, Inc. v. Thompson,  478 U.S. 804, 106 S.C. 3229 (1986) (also cited by both plaintiff and defendants), the Supreme Court held that the district

court did not have jurisdiction under 28 U.S.C. § 1331 where the plaintiff alleged a state tort claim but pointed to federal law as evidence of the standard of care.  Given that there was no private right of action under the federal law in question, the Court examined whether a substantial question of law was implicated.  It held that "the presence of the federal issue as an element of the state tort is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system." Id. at 814, 106 S.C. 3229.  The Court found no federal subject matter jurisdiction.

The Eleventh Circuit, following the rational of Merrell Dow, found no federal subject-matter jurisdiction over a discrimination claim based upon a breach of a duty created under the Americans with Disabilities Act. Jairath v. Dyer, 154 F.3d 1280 (11th Cir. 1998) (again cited by both sides).  There the appeals court found that the district court lacked subject-matter jurisdiction over the case because the claims did not "arise under" federal law.  The plaintiff had no standing to pursue the only federal private cause of action available under the ADA (i.e., for injunctive relief). Id. at 1284.

In the instant case, as in Merrell Dow and Jairath, plaintiff has not shown that it has standing to pursue a private cause of action under any federal statute.  Notably, the only federal provision cited in the amended complaint under which plaintiff asserts any right to relief is the Federal Declaratory Judgment Act, which does not itself provide federal jurisdiction. See 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction... the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration ..." emphasis added); Jolly v. U.S., 488 F.2d 35, 36-37

(5th Cir. 1974) (citations omitted).[1]  The court finds that plaintiff's causes of action do not arise under the Constitution, laws, or treaties of the United States.

**C. Admiralty Jurisdiction**

The complaint does not allege any claim under a federal maritime act or statute.   Plaintiff contends that because a portion of its conduit and telecommunication facilities are located in the Mobile River, a federal navigable waterway, that any rights and obligations of the parties would be governed by admiralty law.  However, "[t]o give rise to a tort claim in admiralty, an incident must have both a maritime situs and a connection to traditional maritime activity." Hufnagel v. Omega Service Industries, Inc., 182 F.3d 340, 351 (5th Cir. 1999) (citations omitted) (emphasis in original).  "The situs requirement or 'location test' requires the plaintiff to show that the tort either occurred on navigable waters, or if the injury is suffered on land, that it was caused by a vessel on navigable waters." Id. (citing Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 115 S.C. 1043, 130 L.ED.2d 1024 (1995)).  The connection test requires that the activity which caused the plaintiff's injury bear a significant relationship to traditional maritime commerce. Id. (citing Grubart supra).  Defendants assert that plaintiff's claims do not not satisfy the connection or nexus test. .

To fall under admiralty jurisdiction, the claim must satisfy the nexus test.

The nexus test involves two queries: (1) Did the incident have a "potentially disruptive impact on maritime commerce"? Sisson [v. Ruby], 497 U.S. [358] at 363, 110 S.Ct. [2892] at 2896 [(1990)]; and (2) Does a "substantial relationship" exist "between the activity giving rise to the incident and traditional maritime activity"? Id. at 364, 110 S.Ct. at 2897.

---

[1] Decisions of the Former Fifth Circuit filed prior to October 1, 1981, constitute binding precedent in the Eleventh Circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

Reyes, 23 F.3d at 350.  Plaintiff's claims concern the potential disruption of its telecommunication services to its customers and the extent of its duty to mark the conduit to allow defendants to proceed with their construction project.  While the "incident" may have a potentially disruptive impact on plaintiff's business, there is no indication that it would impact maritime commerce.  To aid in determining whether a wrong bears a sufficient connection to traditional maritime activity, some courts have used the following factors:

> 1) the functions and roles of the parties;
>
> 2) the types of vehicles and instrumentalities involved;
>
> 3) the causation and the type of injury;
>
> 4) and traditional concepts of the role of admiralty law.

Miller, 873 F 2d at 812 (citing  Kelly v. Smith, 485 F.2d 520, 525 (5th Cir.1973)).  The use of the four factors established in Kelly is permissive,  not mandatory. Bunge Corp. v. Freeport Marine Repair, Inc., 240 F.3d 919, at 925  n. 4, (11th Cir. 2001).   None of the factors listed above support plaintiff's assertion of admiralty jurisdiction.  The court is not persuaded that the national interest would be served by applying admiralty jurisdiction to this case.   In fact, the court is convinced that finding admiralty jurisdiction for a suit over potential damage to and disruption of telecommunication facilities and services with no more relationship to maritime activities and dangers than is presented here would clearly violate principles of federalism and advance no federal interest.   The court concludes that plaintiff's claims do not bear  a sufficient nexus to traditional maritime activity to fall within admiralty jurisdiction.

**III. Justiciable Controversy**

Even if there were a legitimate basis for federal jurisdiction in this case, it is questionable

whether this case provides a justiciable controversy. The Declaratory Judgment Act provides in pertinent part that:

> [i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. ...

28 U.S.C. § 2201(a) (emphasis added). As the court discussed above, defendants completed the construction of the altered bulkhead in a manner that successfully avoided damaging AT&T's telecommunications facilities and conduit. The declaratory relief sought by plaintiff essentially seeks to determine plaintiff's liability or duties if defendants make demands upon plaintiff in the future or begin another construction project that could result in damage to plaintiff's conduit or telecommunication facilities. While plaintiff asserts that the threat of litigation may confer subject matter jurisdiction, plaintiff has not demonstrated that there is any real likelihood that such contingencies will occur. The court finds plaintiff's claims to be too speculative or hypothetical to be deemed justiciable controversies.

## CONCLUSION

For the reasons stated above, defendants' motions to dismiss (Docs. 6, 28) are **GRANTED** and this case is hereby **DISMISSED without prejudice**.

**DONE and ORDERED** this 7th day of February, 2005.

　　　　　　　　　　　　　　　　　　　　/s/ Callie V. S. Granade
　　　　　　　　　　　　　　　　　　　CHIEF UNITED STATES DISTRICT JUDGE